IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MV PURCHASING, LLC and ECHO CANYON ENERGY PRODUCTS SUPPLY, LLC, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:25-CV-1112-K |
| v. | § § | |
| ENDEAVOR CRUDE, LLC, UNIQUE FUNDING SOLUTIONS, LLC, REGAIN GROUP, LLC, and ROCKET CAPITAL NY, LLC, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Parties' Stipulation for Order Granting Interpleader and Dismissal with Prejudice of Plaintiffs Only (the "Stipulation") (Doc. No. 33). The Parties seek to dismiss from this case, with prejudice, Plaintiffs MV Purchasing, LLC and Echo Canyon Energy Products Supply, LLC (together, "Plaintiffs"). Stipulation at 3, ¶2. All Parties signed and agreed to the Stipulation. *See id.* at 3–4. Therefore, the Parties' Stipulation was effective upon filing. *See Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995) ("[a]ccording to [Federal Rule of Civil Procedure 41(a)(1)(A)(ii)], such stipulations take effect when *filed* and do not require an order of the court. Therefore, the district court's order approving the dismissal is of no consequence."). However, Plaintiffs also request $15,000 in "reasonable and necessary attorneys' fees and expenses," thus necessitating a court order. Stipulation at 2, ¶2. The

1

Court **GRANTS** Plaintiffs' request of dismissal. Plaintiffs MV Purchasing, LLC and Echo Canyon Energy Products Supply, LLC and any claims against Plaintiffs are hereby **DISMISSED WITH PREJUDICE**.

Further, the Court finds that Plaintiffs provided sufficient documentation and information for the Court to determine that $15,000 is a reasonable and necessary award of attorneys' fees and expenses. *See Rhoades v. Casey*, 196 F.3d 592, 603 ("[a] district court has the authority to award reasonable attorney's fees in interpleader actions. The award of attorney's fees is in the discretion of the court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants."). All Parties agree that Plaintiffs are entitled to interpleader relief and the requested attorneys' fees and expenses. Stipulation at 2, ¶2. Therefore, the Court finds that Plaintiffs are disinterested stakeholders and are not in substantial controversy with Defendants.

Plaintiffs' counsel submitted a declaration detailing hours spent on this case, total fees and expenses incurred, and the reasonableness of such fees and expenses. *See generally* Decl. of Pls.' Counsel (Doc. No. 39). The declaration provides significant detail, including factors considered in determining the reasonableness of the requested fees and expenses, Plaintiffs' counsel's basis for his opinions, and a specific explanation of the services performed in relation to this case. *See id.* at 2–3, ¶¶3–5. The Court finds that Plaintiffs provide sufficient information to determine that the requested fees and expenses are reasonable. Therefore, the Court **GRANTS** Plaintiffs' request for $15,000

in attorneys' fees and expenses. **The Clerk is DIRECTED to disburse the amount of $15,000 out of the interpleader deposits in the Court's registry to Plaintiffs MV Purchasing, LLC and Echo Canyon Energy Products Supply, LLC, who are in the care of:**

Andrew C. Whitaker
Figari + Davenport, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
andrew.whitaker@figdav.com

    **SO ORDERED.**

    Signed October 1st, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE