IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENDEAVOR CRUDE, LLC,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:25-CV-1112-K |
| UNIQUE FUNDING SOLUTIONS, LLC and ROCKET CAPITAL NY LLC,<br>Defendants. | §<br>§<br>§<br>§<br>§ | |

**ORDER GRANTING MOTION TO COMPEL**

This interpleader lawsuit concerns the disputed rights to amounts that could be considered Endeavor's receivables. (*See generally* Dkt. No. 9.) An issue in this lawsuit is whether Endeavor assigned rights to Rocket. (*See* Dkt. No. 86 at 1.) Defendant Rocket Capital NY, LLC ("Rocket") filed a motion to compel discovery responses from Plaintiff Endeavor Crude, LLC ("Endeavor"). (Dkt. No. 86.) United States District Judge Ed Kinkeade referred the motion to the undersigned magistrate judge for a hearing, if necessary, and determination. (Dkt. No. 87.)

On September 21, 2026, the Court ordered the parties to meet and meaningfully confer concerning the matters underlying Rocket's motion to compel and to submit a joint report identifying the issues resolved by agreement and the matters remaining for Court resolution. (Dkt. No. 88 at 2-3.) Importantly, the Court explained that the joint report was intended to allow the Court to understand the

parties' respective positions underlying the discovery disputes and "to take the place of the separately filed response and reply briefing[.]" (*Id.* at 4.)

The parties submitted their joint report on November 2. (Dkt. No. 100 ("JR").) It explains that agreement was reached as to several of the discovery requests but that disputes remain as to 25 requests for production ("RFPs"). (JR at 2.) They address the remaining discovery disputes in two parts.

The dispute underlying Endeavor's responses to RFP Nos. 3, 4, 35, and 41 concerns Rocket's request for documents signed by James Bellengee, President and CEO of Endeavor, or communications in which his authority to bind Endeavor was discussed. (JR at 2-3.) After conferring on the matter, Rocket has agreed to limit the requests to documents relating to finance agreements, but there is a disagreement concerning the definition of that term. Rocket proposes that a finance agreement means

> any document legally binding or purporting to be legally bind Endeavor or any of the Vivakor Parties as a borrower of money, goods, or property; any document legally binding or purporting to legally bind Endeavor or any Vivikor Parties as a seller of accounts receivables; any document legally binding or purporting to be legally bind Endeavor or any of the Vivakor Parties as a personal or corporate guarantor for performance; any any document legally binding or purporting to be legally bind Endeavor or any property (real or personal) of Endeavor or any property (real or personal) of any of the Vivakor Parties as collateral or security; any document in which Endeavor or any of the Vivikor Parties convey or purport to convey a security interest in any real or personal property; any document resulting in additional capital for Endeavor or any of the Vivikor parties; and/or the sale of any invoice for an upfront discounted price, commonly referred to as "factoring."

(JR at 3.) Rocket states that Endeavor does not agree to the proposed definition in these narrowed requests, and it explains that it is seeking documents that are similar to the one at issue in this lawsuit for which Endeavor is now claiming Ballengee lacked authority to execute on its behalf. Stated in its entirety, Endeavor's position is: "Endeavor disagrees with Rocket's position." (JR at 3.)

The dispute underlying the remaining RFPs at issue (Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 29, 34, 35, 43, 44, 47, 48, 49, 50, 51, 54) concerns whether the cell phones used by James Ballengee, Tyler Nelson, Patrick Knapp (Endeavor's former general counsel), Les Patterson (Chief Operating Officer), and Kimberly Hawley (Chief Executive Officer) should be included in Endeavor's search for responsive material. Rocket explains that the listed individuals are or were employed by Endeavor, and it argues that their phones should be searched for responsive documents and data (e.g., text messages, communications on apps) for discussions or other data relating to Ballengee's authority to enter into agreements on behalf of Endeavor. It further states that Endeavor "is still in the process of determining whether [it] will agree to cell phone searches[.]" (JR at 4.) Again, Endeavor's position is succinct: "Endeavor disagrees with Rocket's position."

To say that Endeavor's position is unhelpful to its opposition of Rocket's motion to compel is an understatement. It has not imposed or defended any objection to the requested discovery, invoked any privilege, explained any grounds upon which it opposes Rocket's positions, or proposed any alternatives that it

believes more faithfully fulfill the discovery limits articulated in Rule 26 or the values expressed in Rule 1. Endeavor's response is, for practical purposes, no response at all. The discovery sought by Rocket is well within the realm of relevance to the issues to be determined in this lawsuit, and any objections Endeavor has waived any objections to the discovery that it might have had. *See Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015).

It is axiomatic that, when discoverable material is sought under Rule 34, a party has an obligation to produce responsive material in its possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1) (allowing a party to serve a request to produce certain "items in the responding party's possession, custody, or control"). The joint report does not provide sufficient information concerning the identified individuals and their phones for the Court to determine precisely whether the information on each person's phone is within Endeavor's possession, custody, or control. But the Court notes authority supporting the proposition that an employer may be compelled to search for and produce responsive documents to discovery held on employees' personal phones where they are used for work purposes. *See, e.g.*, *Galvan v. Rolling Lawns, Inc.*, No. 23-CV-6724-CS-VR, 2026 WL 618558 (S.D.N.Y. Feb. 26, 2025).

The Court **GRANTS** Rocket's September 18, 2026 motion to compel. (Dkt. No. 86.) **Within 30 days**, Endeavor shall produce to Rocket all material responsive to RFP Nos. 3, 4, 35, and 41 pertaining to finance agreements, using Rocket's proposed definition contained in the joint report. Additionally, Endeavor shall

include within its productions in response to RFP Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 29, 34, 35, 43, 44, 47, 48, 49, 50, 51, 54 any documents, data, or other material on all cell phones used by persons listed in the joint report that are within Endeavor's possession, custody, or control.

Rocket requests an award of reasonable expenses in connection with its motion to compel. (Dkt. No. 86 at 15.) Once a court grants a motion to compel, as it has done here, it must, after providing an opportunity to be heard, require payment of reasonable expenses incurred in making the motion, except in when "(i) the movant filed the motion before attempting in good faith or obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Neither (i) nor (ii) would appear to apply here, as Rocket made reasonable efforts to resolve the matter without court intervention, and the joint report establishes no substantial justification for Endeavor's resistance of discovery. If Endeavor believes there is a basis upon which fees would not be appropriate under Rule 37(a)(5)(A), it may, no later than **November 10, 2027**, file a response limited to eight pages explaining the reasons for such belief. If Endeavor files a timely response, Rocket may, **within three days** of the response being filed, file a reply limited to three pages. Alternatively, the parties may confer on an appropriate expense award and, if they come to an agreement, must promptly notify the Court of their agreement. If Endeavor fails to file a timely

response and the parties have not resolved the matter of an expense award by November 10, 2027, Rocket may file a motion for reasonable expenses, including arguments and records as necessary to justify the amount sought.

**SO ORDERED** on November 3, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE