IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENDEAVOR CRUDE, LLC,<br>Plaintiff,<br><br>v.<br><br>UNIQUE FUNDING SOLUTIONS, LLC and ROCKET CAPITAL NY LLC,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:25-CV-1112-K |

**MEMORANDUM OPINION AND ORDER**

On November 3, the Court granted Defendant Rocket Capital NY LLC's motion to compel discovery from Plaintiff Endeavor Crude, LLC. (Dkt. No. 101 ("Or.").) Upon granting the motion, the Court noted Rocket's request for costs incurred in filing the motion and afforded Endeavor an opportunity to explain why an expense award would not be appropriate by the standards set out in Fed. R. Civ. P. 37(a)(5)(A). (*Id.* at 5.)

Endeavor filed its response on November 10. (Dkt. No. 102 ("Resp.").) The Court allowed Rocket the option of filing a reply, but after reviewing Endeavor's response, the Court concludes that no reply is necessary. And by pretermitting a reply, the Court hopes to mitigate Rocket's costs—and Endeavor's burden to reimburse them. *See Coleman v. Swift Transportation*, No. 3:23-CV-1729-G-BN, 2025 WL 866147, at *2 (N.D. Tex. Mar. 19, 2025) (noting availability of expense award including time expended in filing a motion for attorneys' fees).

# I. BACKGROUND

## A. Rocket filed a motion to compel discovery responses from Endeavor four months after receiving no document production and no substantive answers to interrogatories.

This interpleader action was filed by a midstream oil company that buys, sells, and transports oil and gas across several states. (Dkt. No. 38 ("2d Am. Compl.") ¶ 8.) Endeavor is one of the trucking companies used to transport its products, and it invoices the midstream company directly for its services. (*Id.* ¶ 9.) After receiving conflicting claims to Endeavor's receivables (*see id.* ¶ 10), the company initiated this interpleader action to determine the proper recipient of the amounts owed for Endeavor's services. Rocket is one of the parties claiming a right to Endeavor's receivables. (*See id.* ¶ 12; *see generally* Dkt. No. 57 ("Rkt. Answer").)

According to relevant allegations, financing agreements—what the parties call an Agreement for the Purchase and Sale of Future Receipts ("APSFR")—signed by James Ballengee, CEO of Endeavor and other related entities, lie at the heart of this dispute. (*See* Dkt. No. 31 ("End. Answer") ¶¶ 15, 32.) Endeavor alleges that, despite having signed APSFRs purporting to give others rights to his companies' accounts receivable, Ballengee lacked authority to bind Endeavor or the other relevant companies. (*See id.* ¶¶ 36, 43.)

On September 18, 2026, Rocket filed a motion to compel discovery from Endeavor. (Dkt. No. 86 ("Mot. Comp.").) Rocket alleged that it served its first set of discovery requests in April 2026 and Endeavor provided written responses two

months later. Yet, by the time Rocket filed its motion to compel two months later still, Endeavor had produced no documents and had given no substantive response to any interrogatory. (Mot. Comp. at 2.) The motion attached email correspondence memorializing Rocket's efforts to obtain the requested discovery and, after not receiving a response from counsel, warning of a motion to compel if it could not get the requested discovery. (Dkt. No. 86-2.) Endeavor's attorney, Aaron A. Martinez, apologized for not having responded, noted that he had been "slammed," assured Rocket's counsel that the matter was "on [his] radar," and expressed his understanding that Rocket might need to file the motion to compel. (*Id.*)

**B. After conferring and apprising the Court of remaining disputes, Endeavor provided no grounds for opposing Rocket's discovery requests.**

After reviewing the motion to compel and supporting materials, the Court perceived that the parties had not meaningfully conferred on the discovery dispute, that there was a significant likelihood that they should be able to resolve much, if not all, of the differences underlying the motion to compel, and that a court order might encourage the parties to fulfill their obligations to work toward an agreed resolution of the discovery dispute without court intervention. So, on September 21, the Court entered an order requiring Rocket and Endeavor to meaningfully confer on the matters raised in the motion to compel and then file a joint report that, among other things, laid out the parties' arguments and authorities with respect to any remaining disputes that were not resolved through attorney conference. (Dkt. No. 88.) The Court was clear that the joint report was intended to replace the usual response-and-

reply briefing and equip the Court to resolve any remaining disputes. (*See id.* at 4-5.) The Court required the parties to submit the joint report by October 5. (*Id.* at 3.)

The deadline arrived, and the parties jointly requested an extension until October 12. (Dkt. No. 90.) The Court obliged. (Dkt. No. 91.) Then, on October 9, the Court granted another extension until October 19. (Dkt. Nos. 95, 96.)[1] A third extension was given until November 2. (*See* Dkt. Nos. 97, 98.) By the Court's count, 42 days passed between the order requiring the parties to meaningfully confer on the discovery dispute and November 2, when they filed the joint report. (*See* Dkt. No. 100 ("JR").)

The joint report—signed by counsel for both parties as required—represented that the attorneys conferred by phone on September for almost two hours, that they followed that discussion with additional conversations by email, and that they reached agreement with respect to several of the discovery requests underlying the motion to compel. (*See* JR.) They reported, however, that two overarching disputes remained that collectively implicated Endeavor's responses to 25 requests for production. (*Id.* at 2.) First, as to Rocket's requests seeking documents relating to Ballengee's authority to bind Endeavor or another relevant company, Rocket agreed to narrow its requests to call for the production of documents relating to *finance*

---

[1] In the interim, Endeavor filed a response to the motion to compel. (Dkt. No. 93.) The Court struck the filing, however, because its order requiring the parties to confer and submit a joint report expressly stated that no response or reply would be allowed absent leave of court. (*See* Dkt. No. 94; *see also* Dkt. No. 88 at 5.)

agreements. (*See id.* at 2-3.) The joint report stated, however, that the parties could not agree on a definition for the term. Rocket proposed a definition and explained that the requested documents relate to the core of the parties' dispute—i.e., Ballengee's authority to bind Endeavor (or a related entity) to a finance agreement. Endeavor did not dispute that the information sought is relevant to the parties' claims and defenses, argue (much less demonstrate) that its production would be overly burdensome or disproportional to the needs of the case, propose a different definition of the term "finance agreement," or otherwise defend against Rocket's argument that the requested material should be produced. Instead, Endeavor's entire position was this: "Endeavor disagrees with Rocket's position." (JR at 3.)

The second remaining dispute concerned whether Endeavor should be required to search phones used by current or former company executives (including Ballengee) for information that is responsive to Rocket's discovery requests. (JR at 3-4.) Rocket explained that it was unable to identify all the platforms used by the executives to communicate about matters relevant to this lawsuit, and it argued that Endeavor should be required to examine their phones to see whether responsive text messages, app communications, and the like are found there. (*Id.* at 4.) Again, Endeavor's response in full: "Endeavor disagrees with Rocket's position." (*Id.*)

**C. The Court granted Rocket's motion and provided Endeavor an opportunity to explain why an award of costs would not be appropriate.**

After considering the joint report, the Court granted Rocket's motion to compel with respect to the disputed items. (Or.) It observed that Endeavor's

responses were practically no responses at all, as they merely registered Endeavor's disagreement with Rocket but explained no basis for its disagreement, asserted no objection, and proposed no alternative. (*Id.* at 4.) With respect to Rocket's request for documents relating to finance agreements, the requested information falls squarely within the realm of relevance, and Endeavor provided no reason to find that it was not discoverable. And as for company executives' phones, the Court pointed out Endeavor's obligation to produce discoverable information in its possession, custody, or control; expressed an inability based on the joint report to determine precisely which phones are in Endeavor's possession, custody, or control; and pointed out caselaw illustrating that a party can be required to collect discoverable information from employees' phones. (*Id.* at 4.)

Rocket requested its costs associated with the motion to compel. (Mot. Comp. at 15.) Having granted the motion, the Court noted the availability of an order requiring reimbursement of reasonable expenses and the three exceptions to the rule contained in Rule 37(a)(5)(A). Observing that neither of the first two exceptions appeared to apply, the Court provided Endeavor an opportunity to file a response explaining why a cost award would not be appropriate. (*Id.* at 5.)

Endeavor filed its response on November 10. (Resp.) In it, Endeavor provides four grounds why it believes an expense award would be unjust. First, it asserts that Rocket's hands are unclean because its responses to discovery have been deficient, and it attaches correspondence it believes illustrates that point. Second,

Endeavor avers that the parties agreed to a "discovery cease-fire" to enable the parties to discuss settlement—thus explaining the multiple joint motions to extend the joint report deadline—but that Rocket broke that agreement when it would not agree to an additional extension. Third, Endeavor argues that the disputes presented in the joint report were relatively minor and likely would have been resolved without court intervention. Fourth, Endeavor's attorney states that personal circumstances prevented him from giving the joint report the time and attention that it deserved.

## II. LEGAL STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court must not, however, "order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "[T]he party whose conduct necessitated the filing of a motion to compel discovery has the burden of showing that its actions were substantially justified." *Architectural Granite & Marble, LLC v. Pental*, No. 3:20-CV-295-L, 2023 WL 121996, at *3 (N.D. Tex. Jan. 6, 2023).

Endeavor does not contend that the exception to a cost award found in Rule 37(a)(5)(A)(i) applies. And, as the Court observed in its prior order (*see* Or. at 5), the record shows that Rocket made reasonable attempts to resolve the discovery dispute without filing the motion to compel.

Endeavor makes a few points that either expressly or implicitly argue substantial justification under Rule 37(a)(5)(A)(ii). Endeavor's counsel states that he had already ("long ago") told Rocket that he *personally* agreed to Rocket's proposed definition of finance agreement but encountered client concerns about producing requested documents based on confidentiality, particularly because some of those documents contain confidentiality provisions. He states that he tried to get the parties to agree to a confidentiality order but received no response from Rocket. (Dkt. No. 102 at 2.) He also states that he *personally* agreed to produce responsive materials on employees' cell phones but had not yet been able to secure the client's complete agreement or arrange a schedule for data collection. (*Id.*) Counsel states that these disputes were "relatively minor and already clearly headed toward resolution." (*Id.*) Had Rocket agreed to just one more extension for the joint report, Endeavor contends, the parties could have reached an agreement without court involvement. (*Id.*) Considering Rocket's "refusal to negotiate a confidentiality agreement," Endeavor contends that it was substantially justified. (*Id.* at 2-3.)

Rule 37 directs the Court to consider whether Endeavor's "nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

"A party's discovery conduct is found to be 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Keplar v. Google, LLC*, 346 F.R.D. 41, 53 (N.D. Tex. 2024) (quoting *S.E.C. v. Kiselak Cap. Grp., LLC*, No. 4:09-CV-256-A, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012)). Endeavor does not present a genuine dispute concerning the discoverability of the requested information. That is, Endeavor has not made any argument that the documents relating to finance agreements or information on executives' phones fall beyond the bounds of relevance and proportionality. And such an argument would be particularly ambitious in light of counsel's personal agreement to the discovery.

The Court therefore considers whether reasonable people could differ as to the appropriateness of Endeavor's conduct. Even accepting Endeavor's assertion that Rocket "refused" to negotiate a confidentiality order,[2] the Court is unpersuaded that Endeavor was substantially justified in unilaterally withholding the requested discovery. Endeavor might have been substantially justified in insisting that certain documents be produced under a confidentiality order, but it was not substantially justified in refusing to produce discovery and merely telling the Court that it "disagreed" with Endeavor's positions. Endeavor could have unilaterally sought a protective order under Rule 26(c), or it could have at least alerted the Court in the

[2] The Court recognizes that Endeavor might be taking liberties with the facts by equating a lack of response by Rocket to a request for a confidentiality order with a "refusal" to agree to one. (*See* Dkt. No. 102 at 2-3.)

joint report that it was nearing an agreement as to the discovery sought but would require a protective order. Under the circumstances, reasonable people would not believe that Endeavor could simply say that it disagreed with Rocket's positions and do nothing else.

The Court turns to whether Endeavor has established other circumstances that make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Those circumstances, Endeavor contends, involve what it perceives to be Rocket's unclean hands resulting from its own discovery deficiencies, Rocket's inequitable conduct by breaching the "discovery cease-fire," the needless court resolution of "relatively minor" disputes that the parties would have eventually resolved, and counsel's personal circumstances that coincided with the thrice-extended deadline for the joint report. The Court addresses them in turn.

First, the Court is disinclined to allow Endeavor to avoid the consequences of its failure to provide discovery sought through a motion to compel by relying on its own complaints about Rocket's discovery responses. *See City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2021 WL 4846366, at *5 (S.D.N.Y. Oct. 18, 2021) ("[C]ourts in imposing discovery sanctions follow the maxim that two wrongs don't make a right." (internal quotation marks omitted)). If it considers Rocket's discovery responses deficient, it is Endeavor's obligation to meaningfully confer in an effort to reach an agreement about Rocket's responses and, barring such agreed resolution, to file a motion to compel. The fact that it believes Rocket had not produced required

discovery did not justify Endeavor in failing to produce discoverable information or practically failing to respond to the motion to compel.

Second, Endeavor asserts that, by refusing to agree to a fourth extension of the joint report deadline, Rocket effectively breached a discovery cease-fire brokered to enable the partis to explore settlement. If this was so, Endeavor could have filed its own motion for another extension, explaining these circumstances and requesting additional time to engage on the remaining disputes and participate in the joint report. Instead, it agreed to simply note its general disagreement and signed the joint report, implicitly communicating that the matter was ripe for court resolution.

Third, the Court rejects Endeavor's suggestion that an expense award is unjustified because the Court needlessly decided a minor discovery dispute that was on its way to an inevitable resolution. From the Court's vantage point, Endeavor had four months to engage Rocket about the discovery sought and ensure client compliance with discovery obligations before Rocket filed its motion to compel. What the record showed, however, was that counsel was busy, not responsive, and perfectly accepting of a motion to compel. (*See* Dkt. No. 86-2.) Then, once the motion was filed, Endeavor had another month and a half to reach agreements and secure client cooperation before giving its non-defense against the motion to compel in the joint report. So, the filings showed that six months after Rocket first requested discovery, Endeavor had no explanation for its refusal to produce documents relating to Ballengee's authority to sign finance agreements on behalf of relevant companies,

and it was still "in the process of determining" whether it would produce responsive material on company executives' phones. (*See* JR at 4.) These are not trivial matters; they go to the heart of the dispute underlying this lawsuit. And the Court invokes a different adage in response to Endeavor's suggestion that the Court needlessly stepped into a dispute that the parties would have resolved on their own—too little, too late.

Finally, Endeavor's counsel states that the joint report was filed at a particularly frustrating moment when he "regretfully" allowed the joint report to be filed without giving it the attention it warranted. Citing an emergency residential move forced by property damage days before the joint report was due, counsel explains that he was "overly stressed, drained, and exhausted" when—unable to secure an agreement to another extension—he agreed to a joint report that contained only Endeavor's curt statement of disagreement as its position. (Dkt. No. 102 at 3.) While the Court is sympathetic to the challenges faced by counsel at the precise time the joint report came due, it bears mention that excusing Endeavor's practical failure to participate in preparation of the joint report would not justify a wholesale denial of Rocket's request for expenses. Rule 37(a)(5) provides for costs incurred in filing the motion to compel, and Rocket had already incurred costs associated with filing the motion to compel long before counsel encountered the circumstances that he contends prevented him from participating in the joint report. Endeavor has given no satisfactory explanation for its failure to produce discovery and or engage in

meaningful a conference that precipitated the motion in the first place. Even immediate production of all the requested discovery soon after the motion was filed would not alone establish that an expense award was unjustified. *See* Fed. R. Civ. P. 37(a)(5)(A) (providing for expense award "if the disclosure or requested discovery is provided after the motion was filed").

Additionally, and as noted above, Endeavor had other suitable options for avoiding what it now contends was needless court intervention. It could have filed a motion for a fourth extension of the joint report deadline or a motion to stay deadlines altogether to facilitate the parties' earnest settlement discussions. Such motions might have been granted, but even if they were not granted they would have more likely alerted the Court about what Endeavor believes were ongoing attempts to resolve matters and obviate the need for court intervention. Instead, Endeavor signed off on a joint report suggesting that the parties had exhausted efforts to reach a negotiated resolution of the discovery dispute and that it was time for the Court to resolve it.

Rocket Capital NY LLC's request for reimbursement of reasonable costs incurred in connection with its motion to compel is **GRANTED**. (*See* Dkt. No. 86 at 15.) Counsel for Rocket and Endeavor Crude, LLC are **ORDERED** to confer no later than **November 23, 2026**, concerning the amount of reasonable expenses incurred by Rocket in connection with the motion to compel. If the parties reach an agreement as to the amount of reasonable expenses, they must promptly file an

agreed motion for an order awarding reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A).

If the parties are unable to agree on the amount of reasonable expenses, Rocket may file a motion for expenses no later than **November 30, 2026**, attaching the records necessary to support a "lodestar" calculation and including citations to relevant authorities supporting the requested award of expenses. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using lodestar method to award fees under Rule 37). Endeavor Crude, LLC shall file a response to the motion within **ten days** after Rocket files the motion. Rocket may then file a reply, but no additional documents, within **three days** after Endeavor files its response.

## III. CONCLUSION

The Court GRANTS Rocket Capital NY, LLC's request for reasonable expenses. (*See* Dkt. No. 86 at 15.)

**SO ORDERED** on November 11, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE